IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONIE MARTINEZ,

    Petitioner,                               No. CIV S-07-1991 JAM GGH P

    vs.

ANTHONY HEDGEPETH, Warden,

    Respondent.                            FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner represented by counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On 2/28/08, respondent's motion to dismiss (statute of limitations), filed on 12/17/07, came on for hearing. Petitioner was represented by Vincent Oliver; Brian Smiley appeared for respondent.

        Petitioner's case was final long ago, and under the usually applied AEDPA statute of limitations (one year from finality of conviction), the case is hopelessly time barred. However, petitioner seeks to have applied that section of the AEDPA statute of limitations which gives an alternative start date for the limitations period: "the date on which the constitutional right asserted was *initially recognized* by the Supreme Court, if the right has been *newly recognized* by the Supreme Court and made retroactively applicable to cases on collateral

1

review." 28 U.S.C. § 2241(d)(1)(C) (emphasis added).  Unfortunately for petitioner, the Ninth Circuit has determined that Cunningham v. California, 547 U.S. 270, 127 S.Ct. 856 (2007) *did not* announce a new rule, and that all the precedent on which Cunningham was based (all of which *were* new rules and not made retroactive) cannot be utilized to rescue petitioner's case.

Petition

This petition was originally filed by counsel for petitioner on 8/27/07, and was transferred from the Central District in an order filed in this court on 9/24/07.  Petitioner entered a guilty plea to a violation of Cal. Penal Code § 4502(a), possession of a weapon while in prison on 7/30/97, in Amador County Superior and admitted a prior felony conviction (strike) court which he had sustained as a minor; petitioner was sentenced to a term of six years, which petitioner posits resulted from petitioner's three-year sentence having been mandatorily doubled under the Three Strikes Law (Cal. Penal Code § 1170.12)  Petition, p. 4.  Petitioner raises as his ground for relief that use of his prior juvenile felony conviction to double his sentence under the Three Strikes Law violated his right under the Sixth and Fourteenth Amendments to a jury determination of any factor causing his sentence to exceed the statutory maximum and did not fall within Apprendi's[1] prior conviction exception.  Petition, pp. 4-12.

Motion to Dismiss

Respondent moves to dismiss the petition on the ground that it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 2362-2362 (2000), held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

Petitioner and respondent agree that sentence was imposed on 9/17/97. Motion to Dismiss (MTD), p. 1, Lodged Document 2;[2] Petition, p. 4. Respondent establishes that, on 12/31/97, petitioner's direct appeal to the state appellate court was dismissed at petitioner's request. Motion to Dismiss (MTD), p. 2, Lod. Docs. 1, 3. Thereafter, petitioner filed his first state court habeas petition in Amador County Superior Court on 6/20/05, which was denied on 8/10/05, and his second habeas petition in the California Supreme Court on 2/07/06, which was denied on 9/27/06. MTD, p. 2, Lod. Docs. 4-7. As noted previously, the instant federal petition was filed on 8/27/07.

Respondent contends that the 12/31/97 dismissal of the state court appeal was final upon filing, citing Cal. Rules of Court, rule 8.264(b)(2)(E), and that the state appellate process became final for AEDPA purposes when the time for filing a petition for review expired on 1/10/98, ten days later. MTD, p. 3, also citing Cal. Rules of Court, rule 8.500(a); Bowen v.

---

[2] Respondent erroneously identifies the Abstract of Judgment as Lod. Doc. 1 and the dismissal request as Lod. Doc. 2, but the documents are located in reverse order.

3

Roe, 188 F.3d 1157 (9th Cir. 1999)³; Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998). Respondent is correct that under Cal. Rules of Court, rule 8.264(b)(2)(E), "the dismissal of an appeal on request or stipulation" is "final" in the state court of appeal "on filing." Pursuant to Cal. Rules of Court, rule 8.500(a), petitioner was permitted to file a petition for review in the state supreme court "of any decision of the Court of Appeal...." and, under rule 8.500(e), was permitted to do so "within 10 days after the Court of Appeal decision is final in that court under rule 8.264." Thus, respondent is correct that, on 1/11/98, one day after the decision on direct review became final, the one-year statute of limitations began to run and expired on 1/10/99, absent any applicable tolling. MTD, p. 3, citing Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001).

Respondent acknowledges the fallacious argument raised in the petition that Apprendi [v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)] was not a new rule of constitutional law and is therefore retroactive to the imposition of petitioner's "illegal" sentence in September, 1997, as well as to the date of enactment of the California determinate sentencing law (DSL) in 1977. MTD, p. 3; Petition, pp. 6-10. Petitioner further contends that his petition is timely because he was sentenced under an illegal statute. Petition, p. 10-12. Respondent therefore assumes that petitioner seeks to invoke the later trigger date set forth in 28 U.S.C. § 2244(d)(1)(C). MTD, p. 3 & see above. Nevertheless, respondent correctly observes the Ninth Circuit has found that Apprendi announced a new rule. MTD, p. 4, citing Jones v. Smith, 231 F.3d 1227, 1236 (9th Cir. 2000) and Schardt v. Payne, 414 F.3d 1025, 1034 (9th Cir. 2005). In support of the position that Apprendi announced a new rule and could not be retroactively applied under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989), the Ninth Circuit took note

---

³ Bowen v. Roe, 188 F.3d at 1158-1159, permits a petitioner who has sought direct review of a conviction in the highest state court the ninety-day period following its judgment within which a petitioner could file a petition for a writ of certiorari in the U.S. Supreme Court, whether he does so or not, before the conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A); however, where as here, the petitioner seeks dismissal of his appeal at the intermediate level and fails to file a petition for review, this period of time is plainly not applicable.

4

of <u>Jones v. U.S.</u>, 526 U.S. 227, 119 S. Ct. 1215 (1999).  <u>Jones v. Smith</u>, <u>supra</u>, at 1236.  In the 1999 decision, the Supreme Court observed that the Sixth Amendment issue implicated by the "diminishment of the jury's significance by removing control over facts determining a statutory sentencing range" was "not yet settled."  <u>Jones v. U.S.</u>, at 248, 119 S. Ct. at 1226.  Respondent accurately argues that <u>Apprendi</u> is not retroactive to convictions that were already final at the time it was decided.  MTD, p. 4, citing <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 666-67 (9th Cir. 2002).  Indeed, in a dissenting opinion in <u>Harris v. U.S.</u>, 536 U.S. 545, 581, 122 S.Ct. 2406, 2427 (2002) by Justice Thomas, in which Justices Stevens, Souter and Ginsburg joined, it was noted that "[n]o Court of Appeals, let alone this Court, has held that <u>Apprendi</u> has retroactive effect."

Similarly, <u>Schardt v. Payne</u>, 414 F.3d at 1038 (9th Cir. 2005), held that <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004),[4] announced a new rule and "does not apply retroactively to a conviction that was final before that decision was announced."  As respondent contends, other circuits agree that <u>Blakely</u> created a new rule of criminal procedure not clearly established before 2004.  MTD, p. 4, citing <u>Simpson v. U.S.</u>, 376 F.3d 679, 680-81 (7th Cir. 2004) (noting Supreme Court has not made <u>Blakely</u> retroactive for cases on collateral review); <u>U.S. v. Price</u>, 400 F.3d 844, 847 (10th Cir. 2005); <u>In re Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004);<u>Varela v. U.S.</u>, 400 F.3d 864, 868 (11th Cir. 2005).  Nor has <u>U.S. v. Booker</u>, 543 U.S. 220, 244, 125 S. Ct. 738, 756 (2005), wherein the Supreme Court applied <u>Blakely</u> to the Federal Sentencing Guidelines and "reaffirm[ed]" the "holding of <u>Apprendi</u>: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," been found to be retroactively applicable in the circuits, as

---

[4] Under <u>Blakely</u>, the relevant statutory sentencing maximum "is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant.*" 542 U.S. 296, 124 S. Ct. at 2537 (emphasis in original).

respondent notes (MTD, p.4). See U.S. v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005) ("Booker is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of Booker's publication"); Guzman v. United States, 404 F.3d 139, 141-44 (2d Cir. 2005) (Booker is a new rule not dictated by Apprendi or Blakely); In re Olopade, 403 F.3d 159, 160-64 (3d Cir. 2005) ("no combination of Supreme Court decisions...'dictates' that Booker has retroactive force on collateral review," citing as analogous, Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004); U. S. v. Gentry, 432 F.3d 600, 602-06 (5th Cir. 2005) ("[t]here is no doubt that the Booker rule is new"); U.S. v. Bellamy, 411 F.3d 1182, 1186-88 (10th Cir. 2005) (neither Blakely nor Booker apply retroactively on collateral review); In re Anderson, 396 F.3d 1336, 1338-40 (11th Cir. 2005); Varela, supra, 400 F.3d at 866-68 (11th Cir. 2005); Michael v. Crosby, 430 F.3d 1310, 1312 n.2 (11th Cir. 2005).

In petitioner's opposition, as respondent notes in the reply, petitioner revisits his argument on the merits but does not expressly address the timeliness of the filing of the instant petition under the AEDPA statute of limitations. Reply, pp. 2-3.

At oral argument, petitioner maintained, for purposes of application of a later trigger date the decision in Cunningham v. California, 547 U.S. 270, 127 S. Ct. 856 (2007), which held that California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent it permits a trial court to impose an upper term based on facts found by the court rather than by a jury. At the time petitioner raised his claim in the state supreme court (to the extent it could even be characterized therein as an Apprendi/Blakely claim), Cunningham had yet to be decided and petitioner contended therefore that Cunningham is a newly recognized rule. See, Petition, p. 11. However, in a case decided after the hearing on the pending motion in this case, the Ninth Circuit has expressly determined otherwise:

> Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Citation omitted] No principles of comity or federalism would be served by refusing to apply this rule to

6

1
2
3
        functionally indistinguishable state sentencing schemes on collateral review. <u>Cunningham</u> thus did not announce a new rule of constitutional law and may be applied retroactively on collateral review.

4 <u>Butler v. Curry</u>, 528 F.3d 624, 639 (9th Cir. 2008).

5        In <u>Butler</u>, 528 F.3d at 634 n.9 (emphasis added), the Ninth Circuit identified the

6 key question:

7
8
9
10
11
12
13
        Whether Butler asks us to apply to him a Supreme Court decision issued after his conviction became final, or to announce independently the very holding that the Supreme Court arrived at in a case decided after his conviction became final, we must determine whether the result he requests was "dictated" by precedent *before his conviction was final*. See <u>Caspari v. Bohlen</u>, 510 U.S. 383, 395-96, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994) (determining whether the result that the petitioner was arguing for in his collateral review proceeding would require creation of a new rule in violation of <u>Teague</u> ). The pivotal question is thus the same either way: did <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> compel the conclusion that California's DSL violates the Sixth Amendment?

14         In <u>Butler</u>, 528 F.3d at 628, in determining that <u>Cunningham</u> was "clearly dictated

15 by the Supreme Court's Sixth Amendment case law, in particular <u>Blakely</u>....", the Ninth Circuit

16 expressly noted that <u>Blakely</u> had been decided before Butler's conviction had become final.

17 Here, this court has found that petitioner's conviction was final on 1/10/98, the AEDPA statute

18 of limitations thereafter expiring on 1/10/99. Assuming either <u>Blakely</u>'s or <u>Apprendi</u>'s

19 applicability to the instant decision, neither saves this petition, as those cases were decided after

20 petitioner's conviction had become final, on 6/24/04, and on 6/26/00, respectively, after the date

21 when petitioner's conviction had become final.

22         More importantly, petitioner mistakes the usual rule for applying law retroactively

23 to the merits of an issue with the statute of limitations analysis of subsection (C). The latter

24 analysis has a *dual* requirement: (1) a newly recognized rule, *and* (2) made retroactive to cases on

25 collateral review. <u>Apprendi</u>, <u>Blakely</u>, <u>Booker</u> were determined to be new rules, but not

26 retroactive, thereby not satisfying the second requirement. <u>Cunningham</u> has been determined to

be retroactive to cases on collateral review, but *not* a new rule, thereby not satisfying the first requirement. Therefore, the alternative start date of subsection (C) for petitioner's case is not implicated by *any* of the cases. The statute of limitations analysis is governed by the "usual" rule – subsection (A).

Given that petitioner's case was final in 1998, and the statute of limitations expired in 1999, and statutory tolling cannot apply[5], and that no legitimate argument has been made for equitable tolling since 1999, petitioner's case is barred by the AEDPA statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss the petition as untimely, filed on 12/17/07 (#7), be granted and this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/04/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mart1991.mtd

---

[5] Of course, this assumes that the clock had not already run. Section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitation period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitation period under § 2244(d)(d). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F3d 478, 482 (9th Cir. 2001).